AO 245B (CASD) (Rev. 4/14) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA



7 DEC 13 AM 8: 34

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| William Kameron Ellis Taylor -1 | Case Number: 17-cr-00585-JAH-1 |
| | Jami L Ferrara |
| | Defendant's Attorney |

**REGISTRATION NO.** 6133298

☐

THE DEFENDANT:
☒ pleaded guilty to count(s) Two of the Information.

☐ was found guilty on count(s) _____
after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title & Section** | **Nature of Offense** | **Count Number(s)** |
|---|---|---|
| 18:2252(a)(4)(B); 2253 | Possession of Images of Minors Engaged in Sexually Explicit Conduct | 2 |

The defendant is sentenced as provided in pages 2 through __3__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) remaining _____ is ☒ are ☐ dismissed on the motion of the United States.

☒ Assessment: $100.00. $5,000.00 special assessment is waived.

☒ No fine    ☒ Forfeiture pursuant to order filed 11/6/2017, included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

December 11, 2017
Date of Imposition of Sentence

_[signature]_

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

17-cr-00585-JAH-1

DEFENDANT: William Kameron Ellis Taylor -1
CASE NUMBER: 17-cr-00585-JAH-1

# PROBATION

The defendant is hereby sentenced to probation for a term of :

Five years.

The defendant shall not commit another federal, state, or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it is a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant TAYLOR, William Kameron Ellis
CASE NUMBER: 17-cr-00585-JAH-1

## SPECIAL CONDITIONS OF SUPERVISION

1. Submit your person, property, residence, abode, vehicle, papers, computer, social media accounts, cell phones any other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct, and otherwise in the lawful discharge of the officer's duties. 18 U.S.C. §§ 3563 (b)(23); 3583 (d)(3). Failure to submit to a search may be grounds for revocation; you shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. Not use or possess devices which can communicate data via modem or dedicated connection and may not have access to the Internet without prior approval from the court or the probation officer. The offender shall consent to the installation of systems that will enable the probation officer to monitor computer use on any computer owned or controlled by the offender. The offender shall pay for the cost of installation of the computer software.

3. Not associate with, or have any contact with any known sex offenders unless in an approved treatment and/or counseling setting.

4. Not have any contact, direct or indirect, either telephonically, visually, verbally or through written material, or through any third-party communication, with the victim or victim's family, without prior approval of the probation officer.

5. Not possess or view any materials such as videos, magazines, photographs, computer images or other matter that depicts "sexually explicit conduct" involving children as defined by 18 USC § 2256(2), and not patronize any place where such materials or entertainment are the primary material or entertainment available.

6. Complete a sex offender evaluation, which may include periodic psychological, physiological testing, and completion of the ABEL assessment, at the direction of the probation officer. If deemed necessary by the treatment provider, the offender shall participate and successfully complete an approved state-certified sex offender treatment program, including compliance with treatment requirements of the program. The Court authorizes the release of the presentence report, and available psychological evaluations to the treatment provider, as approved by the probation officer. The offender will allow reciprocal release of information between the probation officer and the treatment provider. The offender may also be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on ability to pay. Polygraph examinations may be used following completion of the formal treatment program as directed by the probation officer in order to monitor adherence to the goals and objectives of treatment and as a part of the containment model.

7. Reside in a residence approved in advance by the probation officer, and any changes in residence shall be pre-approved by the probation officer

8. Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay..

9. Be monitored for a period of 12 months, with the location monitoring technology at the discretion of the probation officer. The offender shall abide by all technology requirements and shall pay all or part of the costs of participating in the monitoring program, as directed by the Court and/or probation officer. In addition to other court-imposed conditions of release, the offender's movement in the community shall be restricted as specified below:

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 17cr0585-JAH |
|---|---|
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| WILLIAM KAMERON ELLIS TAYLOR, | |
| Defendant. | |

WHEREAS, in the Plea Agreement in the above-captioned case, the parties agreed to forfeiture to the United States of all property of Defendant WILLIAM KAMERON ELLIS TAYLOR ("Defendant"), that constituted visual depictions as described in 18 U.S.C. § 2252, all property constituting proceeds of the offense, and all property used or intended to be used to commit or to promote the commission of the offense set forth in Count 2 of the Information which charged a violation of 18 U.S.C. § 2252(a)(4)(B), and forfeitable pursuant to 18 U.S.C. §§ 2253 and 2254, as charged in the Information; and

WHEREAS, on or about August 15, 2017, Defendant pled guilty before Magistrate Judge Barbara Lynn Major to Count 2 of the Information, which plea included consent to the forfeiture of all property seized in connection with the case, including forfeiture of all visual depictions as described in § 2252, all property

//

constituting proceeds of the offense, and all property used or intended to be used to commit or to promote the commission, including forfeiture of the following:

(1) computer images and printed images determined by law enforcement to depict minors engaging in sexually explicit conduct and

(2) the items, equipment, computers, disks, and media seized by law enforcement during the investigation of the offenses to which the defendant has pled guilty, including:

    a) One Hewlett Packard Compaq Presario All-in-One CQ1 Computer (Serial No. 4CS 1070B7D) with Seagate Barracuda 320 GB SATA Hard Drive (Serial No. 5VMPD067);

    b) One Toshiba v73600-C USB 1 TB Portable Hard Drive (Serial No. 449YSBJ6STTI );

    c) One Dell Dimension 4600 Computer (Tag No. 3ZIX541) with Hitachi Deskstar 80 GB IDE Hard Drive (Serial No. VNVC02G3DWVMDT);

    d) One Toshiba MK.2555GSX 250 GB SATA Hard Drive (Serial No.Y9F2FLD6S); and

    e) Apple iPad Tablet; and

WHEREAS, on September 20, 2017 this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus between the forfeited properties and the offense and the Court hereby orders the forfeiture to the United States of the described forfeited properties pursuant to Title 18, United States Code, Sections 2253 and 2254; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the above-referenced properties, pursuant to 18 U.S.C. §§ 2253 and 2254 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which are hereby found forfeitable by the Court; and

|    |    |
|---|---|
| 1  | WHEREAS, the United States, having submitted the Order herein to the |
| 2  | Defendant through his attorney of record, to review, and no objections having |
| 3  | been received; |
| 4  | Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED: |
| 5  | 1. Based upon the guilty plea of the Defendant, the United States is hereby |
| 6  | authorized to take custody and control of the following assets, and all right, title and |
| 7  | interest of Defendant WILLIAM KAMERON ELLIS TAYLOR in the following |
| 8  | properties are hereby forfeited to the United States for disposition in accordance with |
| 9  | the law, subject to the provisions of 21 U.S.C. § 853(n): |

(1) computer images and printed images determined by law enforcement to depict minors engaging in sexually explicit conduct and

(2) the items, equipment, computers, disks, and media seized by law enforcement during the investigation of the offenses has pled guilty, including:

    a) One Hewlett Packard Compaq Presario All-in-One CQ1 Computer (Serial No. 4CS 1070B7D) with Seagate Barracuda 320 GB SATA Hard Drive (Serial No. 5VMPD067);

    b) One Toshiba v73600-C USB 1 TB Portable Hard Drive (Serial No. 449YSBJ6STTI );

    c) One Dell Dimension 4600 Computer (Tag No. 3ZIX541) with Hitachi Deskstar 80 GB IDE Hard Drive (Serial No. VNVC02G3DWVMDT);

    d) One Toshiba MK.2555GSX 250 GB SATA Hard Drive (Serial No.Y9F2FLD6S); and

    e) Apple iPad Tablet.

2. The aforementioned forfeited assets are to be held by the United States Department of Homeland Security Investigations in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third

party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States must also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

//
//

1  8.  Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

DATED: November 2, 2017

_____
Hon. John A. Houston
United States District Judge